**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-1975**

_____

DARWIN ALEXANDER FLORES-CLAROS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted:  April 20, 2023                                    Decided:  April 24, 2023

_____

Before KING and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

**ON BRIEF:**  William J. Vasquez, VASQUEZ LAW FIRM, PLLC, Smithfield, North Carolina, for Petitioner.  Brian Boynton, Principal Deputy Assistant Attorney General, Jessica A. Dawgert, Senior Litigation Counsel, Alanna Thanh Duong, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C. for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darwin Alexander Flores-Claros, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from the immigration judge's oral decision denying Flores-Claros' applications for asylum and withholding of removal.* We deny the petition for review.

We have considered the parties' arguments in conjunction with the administrative record and the relevant authorities, including our recent holding in *Morales v. Garland*, 51 F.4th 553, 556-58 (4th Cir. 2022) (affirming agency's ruling that petitioner's advanced particular social group of "Salvadorean women who are witnesses to gang criminal activity and targeted because they filed a police report" failed on both the particularity and social distinction requirements for a cognizable "particular social group"). Having reviewed the issues de novo, *see Morales*, 51 F.4th 557, we discern no error in the agency's holding that the particular social group advanced by Flores-Claros—"witnesses of serious crime in El Salvador who can identify and are known to the perpetrators of the crime"—was not legally cognizable. Specifically, we agree that Flores-Claros' attempts to limit the broader group of "witnesses to serious crime" failed to "sharpen the boundary lines" for group inclusion so as to render it sufficiently particular, *id.*, and that the proposed group was, at most,

---

* Flores-Claros does not challenge the denial of his request for protection under the Convention Against Torture (CAT). Accordingly, this issue is waived. *See* Fed. R. App. P. 28(a)(8)(A); *Cortez-Mendez v. Whitaker*, 912 F.3d 205, 208 (4th Cir. 2019) (explaining that petitioner's failure to address the denial of CAT relief waives the issue).

2

distinct only from the perspective of the alleged persecutors, not within Salvadorean society at large, *id*. at 557-58.

Accordingly, we deny the petition for review.  *See In re Flores-Claros* (B.I.A. Aug. 15, 2022).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*